UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MICHAEL NEUMANN,

        Plaintiff/Petitioner,        Civil Action No. 15-CV-11995
vs.        HON. MARK A. GOLDSMITH

JULIE ANNE NEUMANN,

        Defendant/Respondent.
_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF/PETITIONER'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 2), (2) DIRECTING SERVICE ON DEFENDANT/RESPONDENT, and (3) SCHEDULING AN EXPEDITED HEARING**

Before the Court is Plaintiff/Petitioner Michael Steven Neumann's ex parte motion under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 et seq., for entry of an ex parte temporary restraining order to prevent Defendant/Respondent from removing their children from the Court's jurisdiction and for other relief (Dkt. 2). The central contention in the Verified Complaint and motion papers is that Defendant/Respondent has wrongfully removed their children from their place of habitual residence in Mexico, in violation of the Hague Convention. As discussed below, Plaintiff/Petitioner's motion is granted in part and denied in part.

Federal Rule of Civil Procedure 65 permits the Court to issue a temporary restraining order without notice to the adverse party only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies

1

in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Upon reviewing Plaintiff/Petitioner's motion and brief in support, the Court concludes that Plaintiff/Petitioner will suffer immediate and irreparable injury, loss, or damage unless the order is entered without notice. Furthermore, the ICARA permits courts to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

Plaintiff/Petitioner has set forth facts demonstrating that Defendant/Respondent removed the parties' minor children from Mexico to the United States without permission from or notice to Plaintiff/Petitioner. Plaintiff/Petitioner has also attested that Defendant/Respondent has forbid any and all contact between Plaintiff/Petitioner and the minor children. There is a strong likelihood that if Defendant/Respondent receives notice of the present court action, she will flee the jurisdiction with the minor children. The inability or difficulty in locating the children, if they are further removed, will cause Plaintiff/Petitioner irreparable injury by loss of association with his children. A temporary restraining order will also prevent further removal or concealment of the children pending disposition of the petition. Accordingly, entry of the order without notice is appropriate.

Therefore, Plaintiff/Petitioner's <u>ex parte</u> motion is granted in part, as follows:

1. Defendant/Respondent and any person acting in concert or participating with her are prohibited from taking any action to remove the parties' children (identified for privacy purposes as JMN, JSN, and MKN) from the state of Michigan pending further Order of this Court.

2. The Court will conduct a hearing in this matter on June 8, 2015 at 1:30 p.m. The hearing will be conducted at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan 48226, Room 860. Defendant/Respondent must personally appear and show cause why this temporary restraining order should not be continued and/or other temporary relief ordered pending a hearing on Plaintiff's request for a preliminary injunction.

3.  Plaintiff/Petitioner's request for an order requiring immediate and liberal telephone contact with the children is denied without prejudice at this time. This issue may be raised by Plaintiff/Petitioner at the June 8 hearing.

4.  Plaintiff/Petitioner is directed to serve Defendant/Respondent with this Order, the Verified Complaint, and all other motion papers no later than noon on June 5, 2015.

5.  Unless extended by the Court, this Order expires on June 17, 2015 at 5 p.m.

      SO ORDERED, this 3rd day of June, 2015 at    2:23    o'clock  p.m .

Dated: June 3, 2015          s/Mark A. Goldsmith
      Detroit, Michigan          MARK A. GOLDSMITH
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2015.

                                           s/Carrie Haddon
                                           Case Manager